UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MATTHEW DeMAINE

    Plaintiff,

v.                              Case No.:

DESIGNERS CHOICE CABINETRY, LLC
a Delaware Limited Liability Company,
    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, **MATTHEW DeMAINE** ("Plaintiff"), by and through his undersigned counsel, brings this action against Defendant, **DESIGNERS CHOICE CABINETRY, LLC** ("Defendant"), and alleges as follows:

### *Introduction*

1. This is an action by the Plaintiff against his former employer for overtime compensation, liquidated damages and other relief under the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. § 201 et seq.

### *Parties, Jurisdiction, and Venue*

2. Plaintiff, MATTHEW DeMAINE, was a resident of Brevard County, Florida at all times material hereto, and he is *sui juris*.

3. The acts committed occurred in Brevard County, Florida.

4. Plaintiff was a non-exempt employee of Defendant who worked in excess of 40 hours each workweek and was not paid overtime for each hour worked in excess of 40 during a workweek.

5. Plaintiff was a non-exempt, employee of Defendant, as the term "employee" is defined by 29 U.S.C. §203(e).

6. Defendant, DESIGNERS CHOICE CABINETRY LLC, is a Delaware Limited Liability Company, conducting business in Brevard County, Florida, and it is *sui juris*.

7. At all times relevant, DESIGNERS CHOICE CABINETRY LLC operated a cabinet manufacturer having its principle place of business located at 100 TGK Circle, Rockledge, FL 32955.

8. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, as such a three-year statute of limitation applies, pursuant to 29 U.S.C. §§201 et seq.

9. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 and the authority to grant declaratory relief under the FLSA pursuant to 29 U.S.C. § 201 et seq.

*General Allegations*

10. Plaintiff, MATTHEW DeMAINE, started working for Defendant in or about May 2012. To the extent that records exist regarding the exact dates of Plaintiff's employment, such records are in Defendant's exclusive custody.

11. Plaintiff, MATTHEW DeMAINE, employment with Defendant ended in or about November 2019.

12. Plaintiff, MATTHEW DeMAINE, worked as a non-exempt employee of Defendant at its Rockledge, Florida cabinet factory as a machine maintenance technician.

13. At all times relevant, MATTHEW DeMAINE, regularly worked in excess of forty (40) hours in each workweek but was not paid time and one-half compensation for those overtime hours.

14. Plaintiff was a non-exempt, employee of Defendant, as the term "employee" is defined by 29 U.S.C. § 203(e).

15. At all times relevant, Defendant, DESIGNERS CHOICE CABINETRY LLC, did business as a cabinet factory at 100 TGK Circle, Rockledge, FL 32955.

16. At all times relevant, Defendant, DESIGNERS CHOICE CABINETRY LLC, was and is an "enterprise" engaged in commerce as defined by 29 U.S.C. § 203 because it has employees engage in interstate commerce and the manufacturer of goods that are shipped to other states travelling in interstate commerce and its annual gross volume of sales made or business done is not less than $500,000.00.

17. Defendant was Plaintiff's employer for purposes of the FLSA, as that term "employer" is defined by 29 U.S.C. § 203(d).

18. The FLSA requires each covered employer such as Defendant to compensate all non-exempt employees at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty hours per work week.

19. During his employment with Defendant, Plaintiff worked in excess of forty (40) hours per workweek without receiving overtime compensation for all hours worked in excess of forty (40). Despite the hours worked by Plaintiff, Defendant willfully, in bad faith and in knowing violation of the Federal Fair Labor Standards Act, failed and refused to pay him overtime compensation.

20. Under the FLSA Defendant is required to keep accurate records of the Plaintiffs hours worked and wages earned.

21.     Defendant has failed to make, keep, and preserve records with respect to Plaintiff, sufficient to determine his wages, hours, and other conditions and practices of employment, in violation of the FLSA, 29 U.S.C. § 201, *et seq.*

22.     All conditions precedent have been satisfied by Plaintiff or waived by Defendant.

23.     Plaintiff retained the undersigned counsel and has agreed to pay a reasonable fee for all services rendered.

24.     Defendant's unlawful conduct has been widespread, repeated and consistent.

## **COUNT I – RECOVERY OF OVERTIME COMPENSATION UNDER FLSA**

25. Plaintiff re-alleges and incorporates paragraphs 1 through 24 of this Complaint, as if set forth in full herein.

26. Defendant has engaged in a widespread pattern, policy, and practice of violating the FLSA's overtime provisions.

27. Defendant willfully and intentionally refused to pay Plaintiff overtime pay for all of those hours worked in excess of forty (40) in a workweek.

28. At all times relevant, MATTHEW DeMAINE and regularly worked in excess of forty (40) hours in each workweek.

29. Plaintiff was entitled to be paid time and one-half of his regular rate of pay for each hour worked in excess of forty (40) hours per week.

30. During his employment with Defendant, Plaintiff worked overtime hours but was not paid time and one-half compensation for same.

31. Defendant did not compensate Plaintiff s for overtime hours worked.

32. Plaintiff, MATTHEW DeMAINE routinely worked in excess of forty (40) hours a week and only received his regular rate for the time worked.

33. Plaintiff, MATTHEW DeMAINE worked an average of fifty-five (55) hours per week.

34. Defendant either knew from prior experience or recklessly failed to investigate whether its failure to compensate Plaintiff for all hours worked violated the Federal Wage Laws of the United States.

35. Defendant did not have a good faith basis for their decision not to pay Plaintiff his full overtime compensation.

36. As a result of Defendant's intentional, willful, and unlawful acts in refusing to pay Plaintiff time and one-half his regular rate of pay for each hour worked in excess of forty (40) per work week in one or more work weeks, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

37. Plaintiff is entitled to a back pay award at his overtime rate for all overtime hours worked, plus an equal amount as liquidated damages, plus all attorneys' fees and costs.

38. Because Defendant violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. §201 *et seq.*

39. Plaintiff's damages are in excess of $100,000.00.

**WHEREFORE** Plaintiff, MATTHEW DeMAINE, demands the entry of a judgment in his favor and against Defendant, DESIGNERS CHOICE CABINETRY LLC, after trial by jury and as follows:

a. That the Court declares that the FLSA requires Defendant to compensate Plaintiff from the overtime hours worked, which remains unpaid;

b. Unpaid overtime wages found to be due and owing;

c. An additional and equal amount of liquidated damages;

d. An award of reasonable attorney's fees and all costs incurred herein; and

e. All other damages to which Plaintiffs may be entitled

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all issues herein triable by jury.

Respectfully submitted on this 9th day of December 2019.

**ARCADIER, BIGGIE & WOOD, PLLC.**

*/s/ Ethan B. Babb, Esquire*
Maurice Arcadier, Esquire
Florida Bar No. 0131180
Stephen Biggie, Esquire
Florida Bar No.: 0084035
Joseph C. Wood, Esquire
Florida Bar No.: 0093839
Ethan B. Babb, Esquire
Florida Bar No.: 127488
2815 W. New Haven, Suite 304
Melbourne, Florida 32904
Primary Email: office@abwlegal.com
Secondary Email: arcadier@abwlegal.com
Phone: (321) 953-5998
Fax: (321) 953-6075