UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MATTHEW DEMAINE,

    Plaintiff,

v.                                      CASE NO. 6:19-CV-2311-Orl-41DCI

DESIGNERS CHOICE
CABINETRY, LLC,

    Defendant.
_____/

**JOINT MOTION AND STIPULATION FOR APPROVAL OF SETTLEMENT AND DISMISSAL WITH PREJUDICE AND SUPPORTING MEMORANDUM OF LAW**

    Plaintiff, MATTHEW DEMAINE ("DEMAINE" or the "Plaintiff"), and Defendant, DESIGNERS CHOICE CABINETRY, LLC ("DCC" or the "Defendant"), by and through their undersigned counsel, move for the entry of an order approving the Settlement Agreement and Release of Claims, which is attached as Exhibit "A," and for the entry of an order dismissing the FLSA claims, with prejudice. In support thereof, the Parties state as follows:

    1.    This action was initiated in the United States District Court, Middle District Court of Florida, Orlando Division, on December 9, 2019 when Plaintiff's Complaint and Demand for Jury Trial against Defendant, alleging unpaid overtime wages under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. (the "FLSA"), was filed. *See* DE 1.

    2.    Defendants filed their Answer and Affirmative Defenses to the Complaint on December 31, 2019, denying Plaintiff's claims and asserting numerous affirmative defenses. *See* DE 10.

    3.    In order to avoid the uncertainties of litigation and the attorneys' fees associated

with this type of action, the Parties have resolved the action in its entirety. However, since the settlement of claims under the FLSA requires approval of the Court, the parties are submitting the Agreement regarding the FLSA claims to this Court for approval. *Bonetti v. Embarq Management Co.,* 2009 WL 2371407 (M.D. Fla. Aug. 4, 2009); *Lynn's Food Stores, Inc. v. U.S.*, 679 F. 2d 1350 (11th Cir. 1982). Throughout the entirety of the resolution process, both Parties were represented by competent counsel with experience in this area of law.

4. The Parties have agreed to a settlement amount and Plaintiff has reasonably departed from his originally estimated damages for reasons cited herein.

5. The Parties agree this is a fair and reasonable settlement of a bona fide dispute.

6. The Settlement Agreement is attached hereto as Exhibit "A", and the Parties have agreed that the terms reflected in the FLSA Settlement Agreement are a mutually satisfactory compromise to resolve this dispute and that the consideration provided for in the agreement satisfies Plaintiff's indebtedness for attorneys' fees and costs.

## MEMORANDUM OF LAW

### A. The Standard of Review

Section 16(b) of the FLSA (29 U.S.C. § 216(c)) permits employees to settle and release FLSA claims against an employer if the parties present the trial court a proposed settlement and the trial court enters an order approving the fairness of the settlement. *See Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350, 1353 (11th Cir. 1982). Before approving a FLSA settlement, the Court must scrutinize it to determine if it is "a fair and reasonable resolution of a bona fide dispute." *Lynn's Food,* 679 F.2d at 1354-55. If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Lynn's Food*, 679 F.2d at 1354.

B.     **All Relevant Factors Support Approving the Proposed Settlement**

In determining whether the settlement is fair and reasonable, the Court considers the following factors:

1. The existence of fraud or collusion behind the settlement;
2. The complexity, expense, and likely duration of the litigation;
3. The stage of the proceedings and the amount of discovery completed;
4. The probability of plaintiff's success on the merits;
5. The range of possible recovery; and
6. The opinions of the counsel.

*See Leverso v. South Trust Bank of Ala., Nat. Assoc.,* 18 F.3d 1527. 1531 n.6 (11th Cir. 1994); *Hamilton v. Frito-Lay, Inc.*, No. 6:05-cv-592-Orl-22JGG, 2007 U.S. Dist. LEXIS 10287, at *2-3 (M.D. Fla. Jan. 8, 2007); *Hill v. Florida Industrial Elec., Inc.,* No. 6:06-cv-915-Orl-31JGG, 2007 U.S. Dist. LEXIS 9498, at *6 (M.D. Fla. Feb. 9, 2007); *Pacheco v. JHM Enterprises, Inc., et al.,* No. 6:05-cv-1247-Orl-JGG, at *4 (M.D. Fla. Apr. 12, 2006).

In reviewing such factors, there is a strong presumption in favor of finding a settlement fair. *Hamilton*, 2007 U.S. Dist. LEXIS at * 2-3*; Cotton v. Hinton.* 559 F.2d 1326, 1331 (5th Cir. 1977). All such factors support approving settlement in this case.

1.     **There Is No Fraud in this Case**

Courts have found no fraud or collusion where both parties were represented by counsel and the amount to be paid to the plaintiff seems fair. *See Helms v. Central Fla. Reg. Hosp.*, No. 6:05-cv-383-Orl-22JGG, 2006 U.S. Dist. LEXIS 92994, at *11-12 (M.D. Fla. Dec. 21, 2006). Here, each party is independently represented by counsel. Plaintiff is represented by Joseph C. Wood, Esq. and Maurice Arcadier, Esq. of Arcadier, Biggie, &

Wood, PLLC, and Defendants are represented by Mary Ruth Houston, Esq. and Jaclyn S. Clark, Esq. of Shutts & Bowen LLP.  All counsel involved has extensive experience in litigating FLSA claims.

### 2. The Complexity, Expense, and Length of Litigation Support Early Resolution

The complexity, expense, and length of litigation heavily weigh in favor of early settlement in this case.  The cost of protracted litigation, which would be required for the Parties to pursue their claims and defenses and obtain a final judgment on the merits, would be exceedingly high, and likely would exceed Plaintiff's alleged damages in this action. The proposed settlement minimizes such costs, preserving the Parties' and the Court's time and resources.

### 3. The Parties Have Sufficiently Investigated this Case Prior to Engaging in Settlement Discussions

There has been sufficient investigation, discovery, and exchange of information to allow the Parties to undertake a fair and reasonable settlement.  The Parties have exchanged documents, including without limitation, information regarding payroll records, time records and records reflecting hours worked by Plaintiff, employee handbooks, personnel files, and correspondence between the Parties.

### 4. Probability of Success on the Merits Is in Dispute

The Parties strongly dispute the value and merits of Plaintiff's claims – making protracted litigation inevitable if the proposed settlement is not approved.  In particular, Defendants contend that Plaintiff is not entitled to any recovery for liquidated damages because it all times acted in good faith, that Plaintiff's recovery should be limited to a 2-year statute of limitations because its alleged misclassification of Plaintiff was not willful, that Plaintiff's estimation of overtime hours allegedly worked by him during the applicable

period is grossly exaggerated, and that Plaintiff is only entitled to recover damages for alleged overtime due calculated at a half-time rate, as opposed the time-and-a-half premium rate claimed by Plaintiff.[1] Based on the foregoing, Plaintiff's probability of success on the merits, and the uncertainty that he would be awarded any amount or what such amount would be, further support the proposed compromise and show that this settlement is fair and appropriate.

### 5. The Range of Possible Recovery Supports Approving Settlement

The proposed settlement includes payments to Plaintiff of:

(a) $38,581.25 for unpaid wages, less applicable taxes and withholdings; and

(b) $38,581.25 for liquidated damages.

This substantial recovery supports approval of this Motion while also taking into account Defendants' potential defenses. The Parties have also separately negotiated and agreed to settle Plaintiff's attorneys' fees and costs in the amount of $42,837.50, and without regard to the amount to be paid to Plaintiff.

### 6. Counsel for Both Parties Agree the Proposed Settlement Represents a Fair Resolution

Given the facts and circumstances of this case, counsel for both Parties concur that the proposed settlement is a fair and reasonable compromise of Plaintiff's claims.

---

[1] Courts are split on the issue of whether overtime compensation due to a Plaintiff in misclassification or failed exemption case like the instant case should be calculated at a half-time or a time-and-a-half premium rate. *See Ramirez v. Urban Outfitters, Inc.*, No. 6:13-CV-1074-ORL, 2014 WL 4090546, at *6 (M.D. Fla. Aug. 15, 2014), *report and recommendation adopted*, No. 6:13-CV-1074-ORL-22, 2014 WL 4385757 (M.D. Fla. Sept. 3, 2014) ("The Eleventh Circuit has not directly addressed the issue, but the other circuits are split as to whether the appropriate method for calculating unpaid overtime wages in a misclassification case is the half-time method"). Here, the fact that the Parties dispute the proper method of calculating damages, that there is no controlling precedent on the issue, and that available persuasive authority is conflicting, also support an Order by this Court approving the proposed compromise reached by the Parties as a fair and reasonable settlement.

### C. The Proposed Attorneys' Fees Are Fair

The last element the Court should evaluate in determining fairness of the settlement is the reasonableness of the proposed attorneys' fees. *See Helms*, at *6-7; *Strong v. BellSouth Telecomms., Inc.*, 137 F.3d 844, 849-50 (5th Cir. 1998). Provided "the plaintiff's attorneys' fee is agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of the fees paid to his attorney, the Court [should] approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel." *Bonetti*, 2009 WL 2371407 at 3-4.

In this case, the attorneys' fees to be paid as part of the resolution of Plaintiff's claims were agreed upon by the Parties separately and without regard to the amount paid to Plaintiff. Accordingly, because the settlement is reasonable on its face and Plaintiff's recovery was not adversely affected by the amount of the fees paid to his attorneys, the Court should approve the settlement.

**WHEREFORE**, the Parties respectfully request that this Court approve the proposed settlement and dismiss the FLSA claims with prejudice.


**ARCADIER, BIGGIE & WOOD, PLLC**

By: */s/ Joseph C. Wood*
MAURICE ARCADIER, ESQ.
Florida Bar No.: 0131180
JOSEPH C. WOOD, ESQ.
Florida Bar No.: 0093839
office@abwlegal.com

**SHUTTS & BOWEN LLP**

*/s/ Jaclyn S. Clark*
MARY RUTH HOUSTON, ESQ.
Florida Bar No. 834440
mhouston@shutts.com
JACLYN S. CLARK, ESQ.
Florida Bar No. 117652

wood@abwlegal.com  
2815 W. New Haven, Suite 304  
Melbourne, Florida 32904  
Telephone:  (321) 953-5998  
Facsimile:   (321) 953-6075  
*Attorneys for Plaintiff*

jclark@shutts.com  
300 South Orange Avenue, Suite 1600  
Orlando, Florida  32801-5403  
Telephone: (407) 423-3200  
Facsimile:  (407) 425-8316  
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 17th day of November, 2020, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the parties.

                                                  /s/ Jaclyn S. Clark  
                                                  Counsel

ORLDOCS 18165414 1