## SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS WITH RESPECT TO THE FLSA (the "Agreement")

This Settlement Agreement and Release (the "Agreement") is entered into by and between MATTHEW DEMAINE ("DEMAINE") and DESIGNERS CHOICE CABINETRY, LLC ("DCC") (together, the "Parties").

1. **Purpose.** The purpose of this Agreement is to conclusively resolve and settle all matters and things in controversy between DEMAINE and DCC regarding any claims under the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. §201 et seq. ("FLSA") that were made or could have been made by DEMAINE in the matter pending in the United States District Court for the Middle District of Florida, styled MATTHEW DEMAINE v. DESIGNERS CHOICE CABINETRY, LLC, Case No.: 6:19-cv-2311-Orl-41DCI (the "Lawsuit"). This Agreement is not effective or enforceable unless and until it is approved by the Court.

2. **Opportunity to Negotiate, Consider and Consult with Counsel.** The terms of this Agreement are the product of negotiations between the parties hereto. The parties stipulate that the consideration given to support the obligations of this Agreement is the full consideration agreed to, and that neither has received any other promises, inducements, or concessions in support of the duties imposed. In executing this Agreement, DEMAINE has not relied on any representation, compromise, conduct or action made by or on behalf of DCC or DCC's attorneys. DEMAINE acknowledges that he has obtained the advice of competent counsel and agrees that he has been given a reasonable period of time within which to consider this Agreement. DEMAINE and DCC acknowledge that in reaching the terms of this Agreement, each has received full disclosure from the other with respect to payroll records and hours worked and allegedly worked. DEMAINE and DCC confirm that they have had this Agreement explained to them by their attorneys, they are relying on their own judgment and on the advice of their respective attorneys, and each confirms their competence to understand and does hereby accept the terms and conditions of the Agreement.

3. **No Admission of Liability.** The parties stipulate and agree that entry into this Agreement does not constitute, for any purpose whatsoever, either directly or indirectly, an admission of any liability whatsoever, and that DCC expressly denies any such liability. This Agreement represents the compromise of disputed and contingent claims.

4. **Consideration.** The consideration given by DCC to DEMAINE and his attorneys under this Agreement consists of the following amounts:

   (a) the amount of $38,581.25, less lawful withholdings and deductions, payable to DEMAINE which constitutes a payment for alleged unpaid wages;

   (b) the amount of $38,581.25, payable to DEMAINE, which constitutes a payment for liquidated damages;



ORLDOCS 18164675 1     **EXHIBIT "A"**

(c) the amount of $42,837.50, payable to the Law Office of Arcadier, Biggie & Wood, PLLC for attorneys' fees and costs pursuant to 29 U.S.C. §216(b), said amount being negotiated, settled and agreed to separately and without regard to DEMAINE's settlement.

The above-referenced payments shall be delivered to Joseph C. Wood, Esq., c/o Law Office of Arcadier, Biggie & Wood, PLLC, 2815 W. New Haven, Ste. 304, Melbourne, Florida 32904, within thirty (30) calendar days of the date that this Agreement is approved by the Court. The consideration given by DEMAINE to DCC in support of this Agreement consists of full performance of each and every one of the respective obligations described in this document, all of which are expressly made material. DCC makes no representations regarding the taxability or non-taxability of the above amounts, and DEMAINE understands that he shall be solely responsible for the payment of all appropriate taxes.

5. Release of DCC. In consideration of the promises herein, DEMAINE hereby RELEASES, ACQUITS, FOREVER DISCHARGES, HOLDS HARMLESS, and covenants not to sue DCC, its corporate parent, subsidiaries, affiliates and related entities, all predecessors, successors and assigns, and all past and present representatives, insurers, agents, officers, directors, trustees, stockholders, members, and employees of DCC, and all other entities referenced in this paragraph (collectively, the "Releasees") from any and all claims, demands, causes of action, complaints or charges, known or unknown, of any kind or character, arising out of or under the overtime (or minimum wage) provisions of the FLSA or any state statute or local ordinance (the "Claims").

6. Dismissal with Prejudice and Covenant Not to Sue. DEMAINE agrees that upon the Court's approval of this Agreement and the delivery of the amounts in paragraph 4 above, counsel for DCC may file a Stipulation of Dismissal with Prejudice of the Lawsuit. DEMAINE agrees not to reargue, reinstitute, or refile any of those claims or the otherwise released claims in any court or other legal forum whatsoever.

7. Attorneys' Fees. In any dispute arising under this Agreement or any claim released hereunder, the prevailing party shall be entitled to its/his attorneys' fees, expert witness fees, and costs of court.

8. Assignability. All of the foregoing shall inure to the benefit of DCC and each of the other Releasees, and their respective predecessors, successors and assigns, and shall be binding upon DEMAINE, and his heirs, executors, administrators, legal representatives, successors and assigns.

9. No Changes to Agreement. No modifications or amendments to any of the terms, conditions, or provisions of this Agreement may be made except by a written agreement executed by all Parties hereto.

10. Severability. If any provision(s) of this Agreement are held to be illegal, invalid or unenforceable under present or future laws, any such provision(s) shall be curtailed and limited only to the extent necessary to bring it within the requirements of the law. In that event,

2

ORLDOCS 18164675 1

the remainder of this Agreement shall thereafter be construed and enforced as if such illegal, invalid, or unenforceable provision(s) had never comprised a part hereof. In such case, the remaining provision(s) of this Agreement shall continue in full force and effect and shall not be affected by any such illegal, invalid, or unenforceable provision(s) or by severance herefrom.

11. <u>Governing Law</u>. The laws of the State of Florida shall govern the validity, construction, and enforcement of this Agreement. Any action to enforce the terms of this Agreement shall be commenced and maintained exclusively in Brevard County, Florida.

12. <u>Ownership of Claims</u>. DEMAINE represents and warrants that he has not sold, assigned, transferred, conveyed or otherwise disposed of to any third party, by operation of law or otherwise, any action, cause of action, debt, obligation, contract, agreement, covenant, guarantee, judgment, damage, claim, counterclaim, liability, or demand of any nature whatsoever, relating to any matter covered by this Agreement.

13. <u>Opportunity to Consider</u>. Having had the opportunity to obtain the advice of legal counsel to review, comment upon, and redraft this Agreement, DEMAINE agrees that this Agreement shall be construed as if the parties jointly prepared it so that any uncertainty or ambiguity shall not be interpreted against one party in favor of the other.

14. <u>Multiple Originals</u>. This Agreement may be executed in multiple counterparts, each shall be deemed an original, but all of which together shall constitute one instrument.

**DEMAINE, AFTER DUE CONSIDERATION AND CONSULTATION WITH HIS ATTORNEYS, FREELY AND KNOWINGLY ENTERS INTO THIS SETTLEMENT AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL FLSA CLAIMS HE HAS OR MIGHT HAVE AGAINST RELEASEES.**

The Parties knowingly and voluntarily sign this Agreement as of the date(s) set forth below:

By: _[signature]_
MATTHEW DEMAINE

Date: 12 Nov 2020

DESIGNERS CHOICE CABINETRY, LLC

By: _[signature]_
DOUG GANO, CFO

Date: 11/16/20